November 27, 1886.

---

### MONGHON & SISSON v. VAN ZANDT COUNTY.

(No. 2410.)

APPEAL from Van Zandt County. Opinion by WHITE, P. J.

KEARBY & McCHESNEY, counsel for appellants.

KILGORE, LIVELY & KILGORE, counsel for appellee.

§ 198. *County; liability of for medical services rendered to a pauper; case stated.* Appellants, being physicians, were employed by the county judge and one of the county commissioners of Van Zandt county to attend professionally upon one Stewart, a pauper, who was dangerously sick for a length of time. Appellants performed the services for which they were employed skilfully and successfully, performing a surgical operation upon said Stewart which, according to the testimony, doubtless saved his life. Appellants charged the county for said services $183, and made out and presented to the commissioners' court of said county an account therefor, which said court refused to allow, either in whole or in part. Appellants then instituted suit against said county in justice's court to recover the amount of said account,

and recovered judgment for $129 and costs, from which judgment said county appealed to the county court, and upon a trial before the judge of said court without a jury, judgment was rendered in favor of said county for the costs. The trial judge found that said Stewart was a pauper in charge of the commissioners' court of said county; that in all probability he would have died but for the services of appellants; that said services were necessary, and that the amount charged therefor was reasonable; that the order of the commissioners' court limited the liability of the county for the maintenance and support of said pauper to the sum of $15 per month. His conclusions of law upon these findings of fact are as follows: "The services having been performed for a pauper of Van Zandt county, yet the commissioners' court having failed to provide for the payment thereof, and the duty to provide for the support of paupers being public in its nature, and a right of action not being given to a private citizen injured by a failure to perform it, it is the opinion of the court that while the commissioners' court may have neglected to fully perform its duty and is liable therefor to the public, yet these plaintiffs are without remedy, and judgment is pronounced and ordered to be entered of record for the defendant." *Held:* All counties in this state are, by express terms of the statute, made bodies corporate and politic [R. S. art. 676], and as such can sue and be sued upon their contracts, express or implied, just as individuals, provided "no county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance and such court shall have neglected or refused to audit and allow the same or any part thereof." [R. S. art. 677.] Subdivision 9 of article 1514, Revised Statutes, makes it the duty of the commissioners' court "to provide for the support of paupers," and said court is authorized to appoint agents for any purpose authorized by law, and the county is bound by the contracts made by its agents thus appointed. [R. S. art. 684.]

And, where no such agents have been appointed, "contracts on behalf of a county, within the scope of their powers, may be made by its officers, as is allowed by law in the case of other corporations." [Boone on Corp. § 317.] It seems to be the well settled doctrine that all parol contracts made by the authorized agents of a corporation, within the scope of the legitimate purposes of its. institution, are express promises of the corporation; and all duties imposed upon them by law, and all benefits incurred at their request, raise implied promises, for the enforcement of which au action will lie." [*Ante*, § 114; San Antonio v. Lewis, 9 Tex. 69.] Counties are required to provide for the "support" of their paupers. "Support," as here used, means more than supplying them with food and clothing and a house to stay in. It means all that is necessary to bodily health and comfort, and especially does it include proper care, attention and treatment during sickness. This is a supreme obligation of humanity, independent of any statutory mandate. And where adequate provision has not been made by the commissioners' court to furnish these prime necessities of life, the county judge, being the principal representative of the county, or any other member of the commissioners' court, can, by contract, bind the county in any reasonable sum necessary for the support of a pauper. Without a previous contract to that effect, if in case of sickness a physician should give his professional care and attention to a pauper, an implied contract to pay for such services a reasonable compensation would exist on the part of the county. In this case there is no question but that the services rendered by appellants were necessary, and were well and skilfully performed, and that the amount claimed therefor is reasonable. Such being the case, it is the duty of the county to pay the amount claimed; wherefore the judgment is reversed, and judgment is here rendered for appellants against appellee for the amount claimed and all costs.

November 24, 1886.    Reversed and rendered.