**CITY OF HOUSTON, Texas, et al.,
Appellants,**

v.

**HOUSTON ENDOWMENT, INC., Appellee.**

No. 15287.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 25, 1968.

Rehearing Denied June 6, 1968.

Wm. A. Olson, City Atty., W. Lawrence Cook, Jr., Senior Asst. City Atty., Houston, for appellants.

Liddell, Dawson, Sapp & Zivley, Willis Witt, John C. Nabors, Houston, for appellee.

PEDEN, Justice.

This is an appeal from the granting of an order temporarily enjoining the City of Houston, its mayor, acting tax assessor-collector and the members of its city council, from passing on final reading Ordinance 67–2146, which would annex 220 acres of unimproved land owned by Houston Endowment. The tract in question lies within a strip of land that extended 20 air miles down the Houston Ship Channel. This long strip was specially annexed by Houston in 1913 pursuant to Articles 1183–1187, inclusive, Vernon's Annotated Texas Statutes, for the limited purposes of navigation and wharfage, but it is not within the general city limits.

In September, 1967, the Houston City Council declared its intention with respect to the specially annexed strip to 1) enter industrial district contracts with property owners who applied before October 31, 1967; and 2) generally annex the property of any owner who did not apply. Guidelines were established for such contracts; they provided that as to land an owner should pay the City a sum equal to that which would be paid in city ad valorem taxes if the land were within the general city limits. As to other property the rate would be begun at a low figure, then increased on a specified, graduated basis for each of the first five years and thereafter would equal the tax rate on property within the general city limits. Article 1187–1, V.A.T.S., authorizes this procedure. Houston Endowment did not apply for an industrial district contract.

The trial court's order granting Houston Endowment a temporary injunction recited that the court found that the land in question is not adjacent to the City of Houston, nor is it within the City's extraterritorial jurisdiction, and that the ordinance is therefore void; further, that Houston Endowment would be irreparably injured if an injunction were not granted.

Ordinance 67–2146 provides that a strip or stem 150 feet wide and six and one-eighth miles long connects the subject 220 acre tract to the general city limits of Houston. Both the tract and the stem are within the area specially annexed by Houston in 1913. The subject tract is only about two miles from the nearest point in Houston's general city limits, however.

Appellant asserts as points of error that the trial court erred:

1. in holding that the subject land is not within Houston's extraterritorial jurisdiction,

2. in sustaining a collateral attack on the ground of non-adjacency, and

3. in holding that the subject land is not adjacent to the City of Houston.

**708**

■ We sustain appellants' first point. The limiting of a Home Rule city's annexation authority to that land which is within its extraterritorial jurisdiction is found only in Article 970a, V.A.T.S. As to a city of Houston's size, the statute defines its extraterritorial jurisdiction as that unincorporated area contiguous to and within five miles of Houston's corporate limits. Article 970a was enacted as Article I of Acts 1963, 58th Legislature, p. 447, ch. 160. Article III of such act includes the following sentence: "It is expressly provided that this Act shall not repeal or affect Article 1183 to Article 1187, both inclusive, Revised Civil Statutes of Texas, 1925, nor apply to any territories held by any city or town under the provisions of said Articles or the laws of which said Articles were a codification."

As mentioned above, the subject land was specially annexed to Houston in 1913 under Articles 1183–1187, inclusive, so Article 970a does not apply to such land, and Houston is not limited to its extraterritorial jurisdiction in annexing for general purposes land which lies within the specially annexed strip. It was pointed out in Tod v. City of Houston, 276 S.W. 419 (Tex. Com.App., 1925), that Houston had the right under Articles 1183–1187 to run its lines 20 miles down the channel for limited purposes, and has the other and concurrent right to extend its limits by the reasonable addition of adjacent territory for all purposes.

Appellants' third point states that the trial court erred in holding that the subject land is not adjacent to the City of Houston.

■ As to whether a proposed annexation includes territory which is not adjacent is stated by the Supreme Court of Texas in State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957), to be a law question, and the courts will determine whether or not it lies "in the neighborhood of" or "in the vicinity of" and contiguous to the annexing city.

■ Houston Endowment's tract is not subject to annexation by any Home Rule city other than Houston; the rights of others to annex the subject property were foreclosed by Houston's special annexation of it in 1913. City of Galena Park v. City of Houston, 133 S.W.2d 162 (Galv.Civ.App. 1939, error ref.).

■ We have indicated the unusual distances involved: the stem is six and one-eighth miles long, but Houston Endowment's tract is only two miles from the general city limits. "It is well settled that each and every tract of land sought to be annexed need not adjoin or be contiguous to the municipality. If only one tract of a contiguous body adjoins, this is sufficient * * * the 10-ft. strip [was] (the only property actually adjacent) * * * Bluff View Estates may be deemed 'adjoining' or 'adjacent' to existing boundaries of Dallas, within meaning of its charter and State law; * * *" Lefler v. City of Dallas, 177 S.W.2d 231 (Dallas Civ.App.1943, no writ).

The validity of establishing adjacency and contiguity by stems or strips was also upheld in State ex rel. City of West Orange v. City of Orange, 300 S.W.2d 705 (Beaumont Civ.App.1957, writ ref., n. r. e.).

■ The parties to this case have stipulated: "The land described in Ordinance No. 67–2146 consists of that part of the land owned by Plaintiff in the Thomas Earle Survey, Harris County, Texas, which is located within the boundaries of the territory specially annexed to Houston by the aforesaid ordinance of April 18, 1913, together with a strip of land connecting said land owned by the Plaintiff to the present easterly city limits of Houston."

We sustain appellants' second and third points. The Supreme Court of Texas stated in City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695 (1944), as follows:

"The opinion of the Court of Civil Appeals holds this ordinance is void because the territory purported to be annexed is not adjacent to the corporate limits of the

City within the meaning of Article 1175, supra. This holding is based upon the fact that the territory annexed is only joined to the City by a stem, consisting of a State highway 100 to 120 feet wide, at the line of the City's limits, and extending for some three or four miles at that width before the balance of the annexed territory spreads out and comprises some several hundred acres of land. If any attack is here made on this annexation ordinance it is purely collateral, and any such attack cannot be made unless the ordinance is void. Since the City enacted it under constitutional, statutory, and charter authority, it cannot be void. Unless it is void, it can be questioned only by a direct suit in the nature of a quo warranto proceeding, or in a proceeding to which the State is a party. 30 Tex.Jur. p. 37, § 35; Tod v. City of Houston, Tex. Com.App., 276 S.W. 419, and authorities there cited; Lefler v. City of Dallas, Tex. Civ.App., 177 S.W.2d 231. It is true, as shown by the opinion of the Court of Civil Appeals, that the land here annexed is only joined to the City by a narrow neck, but that fact, standing alone, could not render this ordinance void. Neither the statute, Article 1175, supra, nor the charter of the City, defines or provides any length, width, shape, or amount of area of land that the City may annex. It must follow, therefore, that any attack on this annexation ordinance, on account of the shape of the area included therein, if it can be made at all, a matter we do not decide, must be made in a direct proceeding to which the State is a party."

■ The stem of land is adjacent and contiguous to Houston's general city limits as a matter of law, and it connects appellee's tract to the City. The ordinance is not void, so it can be attacked only in a suit in the nature of a quo warranto proceeding to which the State is a party.

■ Our rulings on appellants' points dispose of all of appellee's counterpoints except its second, which asserts that the proposed annexation and taxation are violative of the Texas and Federal Constitutions. This premise is raised by Houston Endowment's pleadings and evidence, and if sustained would furnish the basis for our affirming the issuance of the temporary injunction despite the fact it was not given by the trial court as a reason for the issuance of the injunction. City of Irving v. Dallas County Flood Control District, 383 S.W.2d 571 (Tex.Sup.1964).

Appellee says the City's industrial district program is a violation of both Article VIII, Section 1, of the Texas Constitution, Vernon's Ann.St. (which provides that taxation shall be equal and uniform), and the equal protection provisions of the Fourteenth Amendment to the United States Constitution. Appellee's property is unimproved, so it would be taxed at the full rate whether appellee signs an industrial district contract or not. A different rate is provided for improvements on the land of those who sign a contract.

Appellee says that since 90% of the surrounding tracts have on them other property worth over one million dollars, the result is that the surrounding properties are taxed at a lower rate than appellee's.

We overrule this counterpoint. If the annexation is completed, appellee's land will be taxed on the same basis as other land within the general city limits, and property outside such limits will be taxed at a different rate. Such is the usual case.

Appellee asserts that it will receive no benefit from annexation, that the market value of its land would suffer and that the result is a taking of the property without due process. We cannot sustain this theory. State of Texas ex rel. Pan American Production Company v. Texas City, supra; State ex rel. Graves v. City of Sulphur Springs, 214 S.W.2d 663 (Texarkana Civ. App.1948, writ ref., n. r. e.); Phillips et al. v. City of Odessa, 287 S.W.2d 518 (El Paso Civ.App.1956, writ ref., n. r. e.).

There being no disputed issue of fact, the questions for determination on this appeal

are matters of law. Having resolved them in favor of appellant, we hold that appellee is not entitled to have the status quo preserved.

The judgment of the Trial Court is reversed, and the temporary injunction is dissolved.

### On Appellee's Motion to Suspend Judgment

On motion filed by appellee with consent of Court in order that the issues involved herein may be preserved and not become moot pending the filing and disposition of appellee's motion for rehearing and pending application for writ of error to the Supreme Court, the order entered April 25, 1968, dissolving the temporary injunction shall be and the same is hereby suspended until such time as the Supreme Court of Texas has finally acted on any application for writ of error filed herein, and further provided that this suspension order shall not otherwise change or modify the judgment of this Court heretofore entered dissolving the temporary injunction.