### CITY OF HOUSTON, Texas, et al., Appellants,

### v.

### HOUSTON ENDOWMENT, INC., Appellee.

#### No. 15287.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Decided April 25, 1968.

Rehearing Denied June 6, 1968.

Wm. A. Olson, City Atty., W. Lawrence Cook, Senior Asst. City Atty., Houston, for appellants.

Liddell, Dawson, Sapp & Zivley, Willis Witt, John C. Nabors, Houston, for appellee.

On Motion for Temporary Stay

PEDEN, Justice.

On April 25, 1968, 428 S.W.2d 706, this Court dissolved a temporary injunction which had restrained the City of Houston and certain of its officials from annexing a tract of land owned by Houston Endowment, Inc. On April 29, 1968, we suspended our order dissolving the injunction until such time as the Supreme Court of Texas had finally acted on any application for writ of error filed in this cause.

The Supreme Court of Texas has refused application for writ of error and·has denied a motion for rehearing.

Houston Endowment has now filed a motion asking that this Court continue the temporary stay of its order of April 25, 1968 until it has exhausted its remedies to have this decision reviewed by the Supreme Court of Texas and by the Supreme Court of the United States.

We deny the motion. We believe that Houston Endowment's right to further appeal will not be jeopardized by this action. As to the appeal to the federal courts on the bases that the annexation· would be void because contrary to the equal protection and due process clauses of the United States Constitution, the completion of the annexation process by the City of Houston would not have any effect on the appeal on such issues. As to the filing of another motion for rehearing in the Texas Supreme Court, the Texas Rules of Civil Procedure make no provision for the filing of a second motion for rehearing and the first one was denied.

We also note that in Musser v. Sheppard, 299 U.S. 513, 57 S.Ct. 121, 81 L.Ed. 379 (1936), it was held that there existed no right to appeal to the United States Supreme Court from an order dissolving a temporary injunction in a state court.

The motion is denied for want of merit.