Honorable Jerry Cobb District County Attorney P. O. Box 718 Denton, Texas 76201
Re: Whether a county is required to pay hospital bills of indigent residents at a joint city-county hospital.
Dear Mr. Cobb:
You have asked if Denton County is responsible for hospital care furnished to the resident indigents. The commissioners court has been asked by the City of Denton to pay the expenses of indigents treated at the joint city-county hospital organized pursuant to article 4494i-1, V.T.C.S. There is not a hospital district in the county.
By statute the commissioners court of each county is required to `[p]rovide for the support of paupers . . ., residents of their county, who are unable to support themselves. . . .' V.T.C.S. art. 2351, § 11. Support has been construed to include the delivery of medical services. Monghon Sisson v. Van Zandt County, 3 Willson 240 (Tex.Civ.App. 1886). That court held that `support' as that term is used in article 2351 `means more than supplying them [paupers] with food and clothing and a house to stay in. It means all that is necessary to bodily health and comfort, and especially does it include proper care, attention and treatment during sickness.' Under article 2351 the county must provide necessary medical care for its indigents. Attorney General Opinions H-703 (1975); C-293, C-246 (1964); S-126 (1954); see Attorney General Opinion V-608 (1948) (hospital aid to the indigent sick is paid from the county's general fund); V.T.C.S. art. 4438 (commissioners court shall provide for sending indigent sick to regular established public hospital in the county). Ch. art. 4487, V.T.C.S. (care and treatment of indigent patient admitted to county hospital shall be a `charge upon the county'). There are, however, procedures by which a `county' may contract with a city to assume or share expenses for the treatment of indigents. V.T.C.S. art. 4494i-1. It is our opinion that the County of Denton is liable for the expenses incurred in treating an indigent resident of the county at the joint city-county hospital.
Thus, absent a valid contractual arrangement under section 5 of article 4494i-1, V.T.C.S., it is our opinion that the County of Denton is liable for the expenses incurred in treating an indigent resident of the county at the joint city-county hospital.
 SUMMARY
Absent valid contractual arrangements Denton County is liable for the medical expenses incurred in the treatment of the county's resident indigents at the city-county hospital.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by David B. Brooks Assistant Attorney General