CITY OF PORT ARTHUR,
Texas, Appellant,

v.

JEFFERSON COUNTY FRESH WATER
SUPPLY DISTRICT NO. 1 et
al., Appellees.

No. 8412.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 17, 1980.

Rehearing Denied February 7, 1980.

Robert Q. Keith, Beaumont, for appellant.

Harry P. Wright, Port Neches, for appellees.

CLAYTON, Justice.

This is an appeal from a summary judgment granted by the trial court holding a certain annexation ordinance enacted by the City of Port Arthur in May 1978 to be void, which is challenged on this appeal by the City, and holding another annexation ordinance enacted in May 1979 to be valid, which is challenged by the former members of the Board of Directors of Jefferson County Fresh Water Supply District No. 1 (Water District).

This case involves the validity of certain annexation ordinances adopted by the City in annexing territory within the Sabine Pass area of Jefferson County. The undisputed facts are as follows:

1. On April 2, 1913, the City annexed its "Navigation Territory" pursuant to *Tex. Rev.Civ.Stat.Ann. arts. 1183–87* (Vernon 1963 and Supp.1979). This is a strip 2,500 feet wide and twenty miles long following the thread of the ship channel to the Gulf of Mexico.

2. In May 1978, some of the navigation territory was within the City's extraterritorial jurisdiction and some was not.

3. On May 1, 1978, by Ordinance No. 78–43, the City annexed all the territory within the Water District, a municipal utility which supplied water to the territory within its boundaries.

4. Thereafter, the City adopted Ordinances Nos. 78–44 and 78–47 by which the City abolished the Water District and assumed the District's assets, liabilities, and responsibilities, effective May 19, 1978.

5. Prior to the enactment of Ordinance No. 78–43 (the first annexation), the territory in the northern tip of the Water District was within the City's navigation jurisdiction and within the City's extraterritorial jurisdiction and was less than 500 feet wide. The territory in the southern tip of the Water District was within the City's navigation jurisdiction, outside the City's extraterritorial jurisdiction and was less than 500 feet wide.

6. The Water District challenged the City's annexation pursuant to Ordinance No. 78–43.

7. Following the Water District's challenge, the City adopted Ordinance No. 79–33, again annexing all of the area of the former Water District and adding thereto some additional territory.

8. On May 18, 1979, the City adopted Ordinance No. 79–34, abolishing the Water District.

9. After this second annexation, the territory in the northern tip of the Water District was in either the City's extraterritorial jurisdiction or navigation territory and was greater than 500 feet wide at its narrowest point.

10. After this second annexation, the territory in the southern tip of the Water District was outside the City's extraterritorial jurisdiction, within its navigation territory, within the boundaries of the former Water District, and less than 500 feet wide at its narrowest point.

Based upon the foregoing facts, the trial court granted a summary judgment holding that the first annexation ordinance and the ordinances abolishing the Water District, same being Ordinances numbered 78–43, 78–44, 78–47, and 78–20, were null and void. The City has appealed from this portion of the judgment. The court further held the second annexation ordinance and the ordinances abolishing the Water District, same being ordinances numbered 79–33 and 79–34, were valid. Water District, by way of limited appeal, appeals from this portion of the judgment and also from that portion of the judgment which holds and provides: ". . . the Jefferson County Fresh Water Supply District No. 1 does not now have the proper lawful or legal standing to invoke the provisions of 42 U.S.C.A. Section 1973(c) [sic], popularly known and referred to as the Voting Rights Acts of 1965, as amended. . . ."

The Water District contends that *Tex. Rev.Civ.Stat.Ann. art. 970a, § 7B–1* \* (Vernon Supp.1979) governs the annexation of the Water District and requires that the annexed area be at least 500 feet at its narrowest point. Since the northern and southern tips of the Water District were less than 500 feet wide, then it claims the annexation ordinances are void. The City contends that the width requirement of *Article 970a, § 7*, is inapplicable when the annexed area is within the City's navigation territory or within the Water District's boundaries. The northern and southern tips of the annexed area being within the City's navigation territory and within the Water District's boundaries, then it claims the first annexation ordinance is valid.

The contentions made by the parties raise two questions. First, whether the City (Port Arthur is a Home Rule City) may legally annex territory within its navigation territory if the annexed area is less than 500 feet wide at its narrowest point; second, whether the City may legally annex territory within a Water District even though the annexed area is less than 500 feet wide at its narrowest point. We answer both questions in the affirmative.

Texas cities which are located upon navigable streams may, by ordinance, extend the boundaries of the City by twenty-five hundred feet on both sides of the streams for a distance of twenty miles. This area is the City's navigation territory and is within the City's control. *Articles 1183–87* (Vernon 1963 and Supp.1979).

In 1963, the Municipal Annexation Act, *Article 970a* (Vernon 1963) was enacted by the Texas Legislature. Acts 1963, 58th Leg., p. 447, ch. 160, art. I. This Act regulated City's powers and limitation as to annexation. Article III of that Act provided: "It is expressly provided that this Act shall not repeal or affect Article 1183 to Article 1187, both inclusive, Revised Civil Statutes of Texas, 1925 . . . ." By its very terms, *Article 970a* did not, at the time of its enactment, apply to or affect *Articles 1183 to 1187* which provides for the "Navigation Territory." This has been specifically so declared in *City of Houston v. Houston Endowment, Inc.*, 428 S.W.2d 706 (Tex.Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).

In 1973, *Article 970a* was amended by adding thereto *Subsection 7B–1* which provides:

"B–1(a). No home rule or general law city may annex any area, whether publicly or privately owned, unless the width of such area at its narrowest point is at least 500 feet.

\* \* \* \* \* \*

\* All statutory references are to *Tex.Rev.Civ.Stat. Ann.*

"Sec. 3. All laws or parts of laws in conflict with any of the provisions of this Act are repealed to the extent of such conflict."

Acts 1973, 63rd Leg., p. 426, Chap. 191, §§ 1 and 3. No mention was made of Art. III of the 1963 Act (*Article 970a*) which exempted the navigation territory from the Act.

The 1973 amendment to *Article 970a* merely added *Section 7B–1* to the original act. It made no substantive changes in any other sections of *Article 970a*. It made no mention or reference to that part of the 1963 Act (*Article 970a*) which specifically exempted navigation territories as provided for by *Articles 1183–87* from the provisions of *Article 970a*. This exemption still remains a part of *Article 970a* unless it has been repealed by *Section 7B–1(a)* in accordance with the repealer clause in Section 3 of the 1973 Act.

The exemption of navigation territory from the provisions of *Article 970a* was clearly a specific exemption. The repealing clause in Section 3 of the 1973 Act does not specifically repeal any particular statute or part thereof, but is merely a "blanket" or "general" repealing clause, and such a general repealing clause is nothing more than a repeal by implication. *Robinson v. Bullock*, 553 S.W.2d 196, 198 (Tex.Civ.App.—Austin 1977, writ ref'd n.r. e.), cert. denied 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759 (1978). In *Robinson v. Bullock*, supra at 198, the court, observing that implied repeals are not favored, sets forth the Texas law on interpretation of implied repeals:

"A general repealing clause is subject to the same rules of interpretation as other enactments, and the intent of the Legislature must prevail over the literal construction. . . . Unless there is a repugnancy between the prior law and the later Act, a court may not find that the later Act repeals a prior statute. . . ."

Our Supreme Court has stated that repeals by implication are not favored, and laws related to the same subject should be considered as though incorporated in the same act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication. *Gordon v. Lake*, 163 Tex. 392, 356 S.W.2d 138, 139 (1962). The Supreme Court has further held that " 'In the absence of an express repeal by statute, where there is no positive repugnance between the provisions of the old and the new statutes, the old and new statutes will each be construed so as to give effect, if possible, to both statutes.' " *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964).

Applying the above rules of interpretation of the repealing clause in Section 3 of the 1973 Act, the provisions of *Article 970a, Section 7B–1* and the provisions of Art. III of the 1963 Municipal Annexation Act (*Article 970a*), we find no positive repugnancy between the three sections of *Article 970a* and that they can be so harmonized as to give effect to all three. We, therefore, hold that Art. III of the 1963 Act (*Article 970a*) was not repealed and that such provision creates an exception to the applicability of Article 970a to navigation territories as provided by *Articles 1183–87*, and that, as a result thereof *Section 7B–1* of *Article 970a* does not impose a minimum width requirement for the annexation of navigation territory which was less than 500 feet at its narrowest point. Since the only attack made upon the two ordinances involved in the case at bar being the lack of the minimum width requirements of *Article 970a, § 7B–1* to portions of the annexed territory (the same being with the City's navigation territory), we hold the two ordinances adopted by the City, Ordinance No. 78–43, adopted May 1, 1978, and Ordinance No. 79–34 adopted May 18, 1979, are valid and enforceable.

There is another reason for upholding the validity of the two annexation ordinances involved herein. We agree with and adopt the argument made by the City with reference to the annexation of the Jefferson County Fresh Water Supply District No. 1. The Annexation of the Water District is controlled by *Section 11* of the Municipal Annexation Act, *Article 970a*, which provides, in part:

"B. A city may not annex territory within the boundaries of a water or sewer district unless it annexes the entire portion of the district that is outside the city's boundaries."

This section, *Article 970a, § 11(B)–(C)* (Vernon Supp.1979) was enacted in 1977, after the 1973 amendment to *Section 7* of the Act.

▆▆▆ Under *Section 11(B)* of *Article 970a*, the City is entitled and empowered to annex the Water District, however, it is required to annex all of the Water District, including "the entire portion of the district that is outside the City's boundaries" or its area of extraterritorial jurisdiction.

We hold the 500 feet width requirement of *Article 970, § 7B–1*, does not apply to the annexation of a water district. The imposition of such a requirement would conflict with *Section 11* of *Article 970a*. *Section 11* was enacted after *Section 7B–1* and specifically applies to the annexation of a water district.

The City is authorized to annex territory within the boundaries of a water district. If the City does annex the Water District, it must annex the entire portion of the district that is outside the City's boundaries. It must annex all or none.

To engraft the 500 feet requirement of *Article 970, § 7B–1* upon this pronouncement by the Legislature that the city must annex all or none, would, in effect, mean that the Legislature says to the city that it must take all or none of the water district, and it may go outside its extraterritorial jurisdiction, if necessary, to annex all the territory of the water district; however, if for any reason, any portion of that district is less than 500 feet wide, it can take none of the district, even if 99 percent of the territory within the district is more than 500 feet wide. Clearly this is not the intention of the Legislature. Such an interpretation of *Article 970a, § 7B–1*, with reference to the clear language of *Section 11* creates a conflict, and we do not believe such was the intention of the Legislature. The City properly annexed the territory within the Water District even though a portion thereof was less than 500 feet wide at its narrowest point.

▆▆▆ Water District attacks a portion of the judgment entered by the trial court which states: "Water District did not have the proper lawful or legal standing to invoke the provisions of the Voting Rights Act of 1965, as amended." The Water District pleads as grounds for the invalidity or unenforceability of the annexation ordinance, the City's non-compliance with the provisions of *42 U.S.C.A., § 1973c.* (1974), which prohibits any change in a "standard, practice, or procedure with respect to voting" from being enforced prior to approval by either the District Court of the District of Columbia or the United States Justice Department. The City did not file any pleadings or any form of opposition to this defense either in pleadings in the main action or in the summary judgment proceedings. Water District's attempt to invoke *42 U.S.C.A., § 1973c.* (1974), was, in effect, an affirmative defense setting forth grounds for holding such ordinances to be invalid or unenforceable.

▆▆▆ When the trial court held Ordinance No. 79–33 to be valid and enforceable, the court necessarily considered and overruled such defense. It was improper to incorporate into the judgment any such finding as to this particular defense and especially to make such a finding in the form of affirmative relief in favor of the City. However, we find no reason to reverse and remand this portion of the judgment as Water District requests us to do. It would be useless to do so because of the effect of another provision of the judgment.

The trial court, in addition to that portion of the judgment about which it complains, further held and provided in the judgment that "and, in the alternative, the court concludes, as a matter of law, in any event, that [the Water District], if it can invoke the provisions of 42 U.S.C.A., Section 1973(c) [sic] . . . [then it] must do so in accordance with the United States Code and the Federal Rules of Civil Procedure, and have convened for that purpose, . . . a Three-Judge or Three-Man United States

Federal District Court tribunal. . . ." The Water District has not appealed from this portion of the judgment; it has made no challenge thereto and, therefore, has accepted it and is bound thereby. Since the Water District is bound by this portion of the judgment, the portion from which appeal has made constitutes no reversible error.

That part of the judgment of the trial court in declaring the validity of Ordinances numbered 79–33 and 79–34 is affirmed. That part of the judgment declaring the invalidity of Ordinances 78–43, 78–44, 78–47, and 78–20 is reversed, and we hereby render judgment that the same are valid.

AFFIRMED in part and REVERSED and RENDERED in part.