Honorable Ray Farabee Chairman State Affairs Committee Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Whether a county may agree to be a payor of last resort for medical services rendered to an indigent child who resides outside the hospital district
Dear Senator Farabee:
You have requested our opinion regarding the authority of the Montague County Commissioners Court to pay for medical services rendered to an indigent who is a county resident, but who does not reside within an area served by a public hospital or a hospital district. The indigent in this case is an eight-year- old girl who is scheduled to undergo a liver transplant. The commissioners court is willing to pay all unpaid expenses up to a total of $25,000.
Senate Bill No. 1, passed during the first called session of the Sixty-ninth Legislature, enacted the Indigent Health Care 
Treatment Act, article 4438f, V.T.C.S., which provides the following, in pertinent part:
 Sec. 2.02. GENERAL PROVISIONS. (a) Each county shall provide health care assistance as prescribed by this title to each eligible resident of that county who does not reside within the area that a public hospital or hospital district has a legal obligation to serve.
 (b) The county is the payor of last resort and shall provide assistance only if other adequate public or private sources of payment are not available.
Acts 1985, 69th Leg., 1st C.S., ch. 1, § 2.02, at 8. Section 15 of Senate Bill No. 1 provides that
 [S]ections 1 and 2 . . . take effect September 1, 1985, but a county, public hospital, or hospital district is not required to provide health care assistance as prescribed . . . until September 1, 1986. . . . Health care assistance provided before September 1, 1986, is governed by the law and practice in effect at the time that the assistance is provided. (Emphasis added).
Id. § 15(a), at 46. The absence of a present legal requirement to pay does not negate the existence of legal power or authority to do so.
In Attorney General Opinion MW-33 (1979), this office said that Denton County was liable for its indigents' medical expenses which are incurred at a joint city-county hospital. The opinion relied on section 11 of article 2351, V.T.C.S., which requires a county to "[p]rovide for the support of paupers" who are "residents of their county," and on Monghon Sisson v. Van Zandt County, 3 Willson 240 (Tex.Ct.App. 1886), which held that "support" as used in article 2351 means
 all that is necessary to bodily health and comfort, and especially does it include proper care, attention and treatment during sickness.
See also Attorney General Opinion H-703 (1975).
Although there was a public hospital in Monghon Sisson and in Attorney General Opinion MW-33 , neither opinion conditioned its answer upon the existence of a public hospital, and we do not believe the absence of a public hospital is controlling in the situation you pose. Moreover, section 7 of Senate Bill No. 1 repealed article 4438, requiring commissioners to finance indigent health care "[i]f there is a regular established public hospital in the county." Article 2351 makes no such distinction between the absence or presence of a public hospital and, in any event, the legislature has manifested its intent in Senate Bill No. 1 to abrogate any distinction based on whether a person is a resident of an area served by a public hospital or a hospital district. We conclude, therefore, that the Montague County Commissioners Court is authorized to pay for medical services rendered to an indigent who is a county resident but who does not reside within an area served by a public hospital or a hospital district.
 SUMMARY
The Montague County Commissioners Court is authorized to pay for medical services rendered to an indigent who is a county resident but who does not reside within an area served by a public hospital or a hospital district.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General