

# The Attorney General of Texas

February 11, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Farabee
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No. JM-425

Re:   Whether a county may agree
to be a payor of last resort for
medical services rendered to an
indigent child who resides out-
side the hospital district

Dear Senator Farabee:

You have requested our opinion regarding the authority of the
Montague County Commissioners Court to pay for medical services
rendered to an indigent who is a county resident, but who does not
reside within an area served by a public hospital or a hospital
district. The indigent in this case is an eight-year-old girl who is
scheduled to undergo a liver transplant. The commissioners court is
willing to pay all unpaid expenses up to a total of $25,000.

Senate Bill No. 1, passed during the first called session of the
Sixty-ninth Legislature, enacted the Indigent Health Care & Treatment
Act, article 4438f, V.T.C.S., which provides the following, in
pertinent part:

> Sec. 2.02. GENERAL PROVISIONS. (a) Each
> county shall provide health care assistance as
> prescribed by this title to each eligible resident
> of that county who does not reside within the area
> that a public hospital or hospital district has a
> legal obligation to serve.
>
> (b) The county is the payor of last resort and
> shall provide assistance only if other adequate
> public or private sources of payment are not
> available.

Acts 1985, 69th Leg., 1st C.S., ch. 1, §2.02, at 8. Section 15 of
Senate Bill No. 1 provides that

> [S]ections 1 and 2 . . . take effect September 1,
> 1985, but a county, public hospital, or hospital
> district is not <u>required</u> to provide health care
> assistance as prescribed . . . until September 1,
> 1986. . . . Health care assistance provided

> before September 1, 1986, is governed by the law and practice in effect at the time that the assistance is provided. (Emphasis added).

Id. §15(a), at 46. The absence of a present legal requirement to pay does not negate the existence of legal power or authority to do so.

In Attorney General Opinion MW-33 (1979), this office said that Denton County was liable for its indigents' medical expenses which are incurred at a joint city-county hospital. The opinion relied on section 11 of article 2351, V.T.C.S., which requires a county to "[p]rovide for the support of paupers" who are "residents of their county," and on Monghon & Sisson v. Van Zandt County, 3 Willson 240 (Tex. Ct. App. 1886), which held that "support" as used in article 2351 means

> all that is necessary to bodily health and comfort, and especially does it include proper care, attention and treatment during sickness.

See also Attorney General Opinion H-703 (1975).

Although there was a public hospital in Monghon & Sisson and in Attorney General Opinion MW-33, neither opinion conditioned its answer upon the existence of a public hospital, and we do not believe the absence of a public hospital is controlling in the situation you pose. Moreover, section 7 of Senate Bill No. 1 repealed article 4438, requiring commissioners to finance indigent health care "[i]f there is a regular established public hospital in the county." Article 2351 makes no such distinction between the absence or presence of a public hospital and, in any event, the legislature has manifested its intent in Senate Bill No. 1 to abrogate any distinction based on whether a person is a resident of an area served by a public hospital or a hospital district. We conclude, therefore, that the Montague County Commissioners Court is authorized to pay for medical services rendered to an indigent who is a county resident but who does not reside within an area served by a public hospital or a hospital district.

## S U M M A R Y

The Montague County Commissioners Court is authorized to pay for medical services rendered to an indigent who is a county resident but who does not reside within an area served by a public hospital or a hospital district.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General