

# THE ATTORNEY GENERAL
# OF TEXAS

February 25, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Billy Ray Stubblefield          Opinion No. JM-637
Williamson County Attorney
P. O. Drawer 1139                         Re: Obligation of a limited hos-
Georgetown, Texas    78627                pital authority to provide ser-
                                          vices under the Indigent Health
                                          Care and Treatment Act, article
                                          4438f, V.T.C.S.

Dear Mr. Stubblefield:

You ask several questions concerning hospitals that are public hospitals within the meaning of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., and the governmental entities that are obligated to provide health care services to indigent residents of certain cities.

Your first question is whether a hospital operated by a hospital authority which was created by a city, pursuant to article 4437e, V.T.C.S., solely to allow the issuance of tax free bonds is a "public hospital" obligated to provide services to the indigent residents of the city under Title 3 of the Indigent Health Care and Treatment Act. Assuming that the answer to your first question is in the affirmative, you wish to know whether the city which created the hospital authority is liable for providing health care assistance for indigent residents of the city, notwithstanding the city's express representation at the time of creating the authority that it never would be liable for any financial support to the authority. It is our opinion that the hospital in question is a "public hospital" under Title 3 of the act and that the city which created the hospital authority is liable for sufficient funding to the public hospital or to the hospital authority to provide the health care assistance required by the act.

A city hospital authority created under article 4437e is an entity governed by its own board of directors. It may issue revenue bonds to provide funds for its purposes and may purchase, construct, equip, and operate a hospital. Unless its hospital is being leased, the hospital shall be operated by the hospital authority for the use and benefit of the public. See V.T.C.S. art. 4437e, §§4, 6, 7, 14. The issuance of bonds for funds to build a hospital may be the reason for creating a city hospital authority but that is not the hospital authority's sole function.

Section 1.02(10) of .the Indigent Health Care Act expressly defines a public hospital as "a hospital owned, operated, or leased by a governmental entity." According to section 1.02(6), a governmental entity "includes a county, city, town, hospital authority, or other political subdivision of the state, but does not include a hospital district." The dominant consideration in construing a statute is the legislative intent. Minton v. Frank, 545 S.W.2d 442, 445 (Tex. 1976). The words of the statute are the best evidence of legislative intent, and, when a statute is plain and unambiguous, it will be enforced according to its words. Anderson v. Penix, 161 S.W.2d 455, 459 (Tex. 1942); Sabine Pilots Assn. v. Lykes Brothers Steamship, Inc., 346 S.W.2d 166, 169 (Tex. Civ. App. - Austin 1961, no writ). It is our opinion that a hospital authority is a governmental entity as the term is defined by section 1.02 of article 4438f. Since the hospital in question is owned and operated by a hospital authority, we conclude that it is owned and operated by a governmental entity and is a public hospital within the meaning of the Indigent Health Care Act. As a public hospital, it has a duty to provide health care assistance to eligible residents of the city under Title 3 of the act. Since the city created the hospital authority, the city is liable for providing sufficient funding to the public hospital or to the hospital authority to provide the health care assistance required by the act. See V.T.C.S. art. 4438f, §§10.02, 12.03.

In our opinion, the legislature is not bound by representations of a city that the city will never be liable for any financial support to the hospital authority. The legislative power of Texas is vested in the Senate and House of Representatives. Tex. Const. art. III, §1. The legislature has full power and discretion to enact laws, subject only to limitations contained in the state and federal constitutions. Even one session of the legislature may not limit the power of a subsequent legislature to enact laws. See Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); Watts v. Mann, 187 S.W.2d 917, 924 (Tex. Civ. App. - Austin 1945, writ ref'd); Attorney General Opinion M-421 (1969). Not only is the legislature not bound by representations of a city, but even a home rule city with its broad powers may not in its charter or ordinances enact provisions inconsistent with the Texas Constitution or general laws of the state. If the legislature enacts a statute in conflict with a prior city ordinance, the city ordinance is rendered ineffective except as to certain vested rights which persons have acquired in their relationship with the city. Cities do not acquire vested rights against the state. See Tex. Const. art. XI, §5; V.T.C.S. art. 1165; City of Nassau Bay v. City of Webster, 600 S.W.2d 905, 910 (Tex. Civ. App. - Houston [1st Dist.]), writ ref'd n.r.e., 608 S.W.2d 618 (Tex. 1980).

We conclude that the city is liable for providing health care assistance to indigent residents of the city, notwithstanding the

city's express representation that the city never would be liable for any financial support to the authority.

You also ask whether, in the absence of an interlocal agreement or contract with the hospital, a county lawfully may provide health care assistance at county expense to the indigent residents of a city served by a public hospital if the public hospital fails to do so. It is our opinion that, while a county is not obligated to provide health care assistance to residents of an area served by a public hospital, a county is not prohibited from doing so. We pointed out in Attorney General Opinion JM-425 (1986) that the absence of a county's legal requirement to pay for medical services does not negate the existence of a legal power or authority to do so. It is important to distinguish between an obligation which is a legal duty and an authorization which is permission or legal power.

The Indigent Health Care Act expressly provides that a county is obligated to provide health care assistance to eligible residents who do not reside in an area served by a public hospital. See art. 4438f, §§2.02, 4.01(a). We conclude that the act deals only with the county's obligation and legal duty to provide health care assistance, rather than with limiting a county's legal power to do so. The Bill Analysis to Senate Bill No. 1, Sixty-ninth Legislature, 1st Called Session, 1985, on file in the Texas Legislative Reference Library, states:

> Sec. 2.02. GENERAL PROVISIONS. (a) Requires each county to provide health care assistance as prescribed by this title to each eligible county resident not residing within the area a public hospital or hospital district has a legal obligation to serve.
>
> (b) Establishes that the county is the payer of last resort and is required to provide assistance only if other public or private sources of payment or assistance are not available.
>
> . . . .
>
> Sec. 4.01. GENERAL PROVISIONS. (a) Establishes that a county is liable for services provided under this title by any provider, to an eligible county resident not residing within the area a public hospital or hospital district has a legal obligation to serve.
>
> (b) Sets forth that a county is not liable for payment for health care services provided by any

provider to a county resident if the resident resides within an area a public hospital or hospital district has a legal obligation to serve. (Emphasis added).

We conclude that the legislature did not intend those provisions to be a prohibition against a county providing health care assistance to persons residing in an area served by a public hospital.

It is well established that a county has only the powers conferred either expressly or by reasonable implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). The Texas Constitution does not require counties to provide indigent health care but merely authorizes them to do so. See Tex. Const. art. XVI, §8. A century-old statute which has survived as article 2351, V.T.C.S., specifies certain powers of the commissioners courts. Section 11 of article 2351, as it appears in Senate Bill No. 1, directs the counties to "provide for the support of paupers . . . residents of their county, who are unable to support themselves." "Support" as used in section 11, in previous section 10, has been interpreted by Texas courts to include medical care. See Monghon & Sisson v. Van Zandt County, 3 Willson 240 (Tex. Ct. App. 1886); Attorney General Opinion MW-33 (1979). However, section 4 of Senate Bill No. 1, Sixty-ninth Legislature, 1st Called Session, amends section 11 of article 2351 by adding a sentence which states that

> [a] county is obligated to provide health care assistance to eligible residents only to the extent prescribed by the Indigent Health Care and Treatment Act. (Emphasis added).

The Bill Analysis explains that Senate Bill No. 1 amends article 2351 by "adding a provision obligating a county to provide assistance only to the extent prescribed by the Indigent Health Care and Treatment Act." The amendment does not provide that a county is authorized to provide health care assistance only to the extent prescribed by the act.

It is our opinion that Senate Bill No. 1 speaks only to the obligation of a county and not to its authority. If the legislature intended to make it unlawful for a county to provide health care assistance that is not required by the Indigent Health Care Act, the legislature easily could have amended article 2351 to provide that a county may provide health care assistance only to the extent prescribed by the act. We conclude that Senate Bill No. 1 does not deny permissive authority to a county to provide health care assistance to its indigent residents who reside in an area served by a public hospital.

## S U M M A R Y

A hospital operated by a hospital authority which was created by a city solely to allow the issuance of tax free bonds is a public hospital obligated to provide services to the indigent residents of the city under Title 3 of the Indigent Health Care and Treatment Act, notwithstanding the city's representation when creating the authority that the city never would be liable for any financial support to the authority.

A county is not obligated to provide health care assistance to residents of an area served by a public hospital but is not prohibited from doing so.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General