D. F. Forwood et al v. City of Taylor et al.

No. A-1670. Decided October 6, 1948.
Rehearing overruled November 10, 1948.
(214 S. W., 2d Series, 282.)

*Peters & Peters,* of Taylor, and *Dan Moody,* of Austin, for petitioner, D. F. Forwood, et al.

The Honorable Court of Civil Appeals having held that the purported ordinance of the City of Taylor naming nine persons to act as a board of equalization was in conflict with the Constitution and general laws of the State, erred in holding that such nine persons constituted a defacto board and that their acts in increasing the values at which petitioners had rendered their property for taxation for the year 1946, were valid. Hamrick v. Simpler, 127 Texas 428, 95 S. W. (2d) 357; Bryan v. Sundberg, 5 Texas 418; Foster v. City of Waco, 113 Texas 352, 255 S. W. 1104; State v. Gulf States Utilities Co. 144 Texas 184, 189 S. W. (2d) 693.

*E. M. Grimes,* City Attorney of the City of Taylor, *Grimes & Owens,* of Taylor, *Wood & Wilcox,* of Georgetown, for respondents, City of Taylor et al.

When the charter of the City of Taylor, as a home rule city, is construed as a whole, it must be evident that there was no intention to adopt Article 1048, which applies only to cities and towns incorporated under the general law, as a part of its charter, and even if the Court of Civil Appeals was correct in holding that said article does apply to the City of Taylor, it was also correct in holding that the nine men appointed as a board of equalization constituted a defacto board. Holcombe v. Grota, 129 Texas 100, 102 S. W. (2d) 1041; Scollard v. City of Dallas, 42 S. W. 640; Board of Equalization v. McDonald, 133 Texas 521, 129 S. W. (2d) 1135; Davis v. City of Taylor, 123 Texas 39, 67 S. W. (2d) 1033.

Mr. Justice Brewster delivered the opinion of the Court.

This is an injunction suit filed by D. F. Forwood et al, petitioners, against City of Taylor et al, respondents, in which a trial court judgment refusing an injunction was affirmed by the court of civil appeals. 208 S. W. (2d) 670.

For a number of years the City of Taylor has been a home-rule city under Art. XI, Sec. 5, of the Constitution of Texas. Its charter authorizes its board of commissioners to "create and appoint a Board of Equalization whose duties shall be to equalize the values of all property rendered for taxation in the City of

Taylor" and to "prescribe the qualifications * * * and number necessary to constitute said board." By ordinance of June 17, 1946, nine property-owning voters in the city were named as the "Board of Equalization of the City of Taylor" for 1946.

At a proper time each petitioner rendered to the city a list of all properties owned or controlled by him on January 1, 1946, and subject to taxation for that year, rendering it at what he believed to be its "fair tax value."

After notice from the board of equalization, petitioners appeared before that body and protested its right either to act as a board of equalization or to increase the value over what petitioners had fixed in their renditions. The board overruled this protest and increased the valuations.

Petitioners refused to pay the taxes on basis of the board's valuations but tendered what they were due on basis of their own valuations. These tenders were refused, whereupon petitioners filed this suit, renewing the tenders and seeking to enjoin the city from attempting to collect any taxes based on the increased valuations or to enforce any lien to secure their payment.

They alleged that under Art. 1048, R. S., 1925, the board of equalization of a city or town can consist of only three members and that any different charter provision or ordinance is void; that, therefore, this nine-member board had no legal existence and its attempted increase of the valuations of petitioners' properties is void.

The Court of Civil Appeals held that the city was subject to the provisions of Art. 1048, supra, in setting up a board of equalization and to the limitation prescribed in Art. 15, Sec. 5, of the Constitution that no charter or ordinance of a home-rule city shall be inconsistent with the general laws of this state, but concluded nevertheless that the nine-member body was a de facto board of equalization whose action in raising petitioners' valuations must be upheld. Both sides filed application for a writ of error. That of Forwood et al was granted on their point complaining of the holding that the nine-member body was a de facto board of equalization. That of City of Taylor et al insisting that the City of Taylor, as a home-rule city, is not amendable to the terms of Art. 1048 was granted because of the granting of the other.

We have concluded that this cause turns on the point urged by City of Taylor et al.

■ Under its own terms, Art. 1048 applies only to cities and towns *incorporated under the general laws*. It reads: "The councils of cities and towns incorporated under the General Laws shall within their discretion act as a Board of Equalization. Said councils of such cities and towns shall annually at their first meeting or as soon thereafter as practical exercise such discretion, and if they so. determine they shall have the authority to appoint three (3) commissioners, each a qualified voter, a resident, and property owner of the city or town for which he is appointed, who shall be styled the Board of Equalization." So if the City of Taylor was not "incorporated under the general laws" of this state, its charter and ordinance provision for a nine-member board of equalization does not violate the requirement of Art. XI, Sec. 5, of the Constitution that neither its charter nor any ordinance passed thereunder shall be inconsistent with the provisions of the general laws, that is, with the provisions of Art. 1048.

■ That the cities of Texas are divided into three classes by the mode of their incorporation and that a statute expressly applicable to one does not apply to the others has been repeatedly recognized by this court.

In City of Sherman v. Municipal Gas Co., 133 Texas 324, 127 S. W. (2d) 193, this court said, "The classification of cities above referred to will be stated for convenience as follows: (1) those incorporated under the general laws of the state; (2) those incorporated by special law; and (3) those incorporated under home-rule charter. If prior to the adoption of the amendment of 1912, supra, (Art. XI, Sec. 5, Const. of Texas) the legislature in classifying cities as to their respective modes of incorporation used a twofold classification similar to that shown by classes (1) and (2), supra, and subsequent thereto has used a threefold classification by adding thereto class (3), supra, it should be persuasive that the legislature does not intend that the phrase used in designating the cities embraced in class (1) shall designate also the cities embraced in class (3). In other words it is persuasive that the phrases, 'incorporated under the general laws' and 'incorporated under home-rule charter', designate distinct legislative classifications." So we held that Art. 1119, R. S. 1925, empowering the city council of all cities and towns of this state of over 2,000 population incorporated under the general laws to regulate the rates to be charged by a public

utility had no application to the City of Sherman, because it was a home-rule city.

Conversely, it was decided in City of Munday v. First State Bank (Civ. App.), 66 S. W. (2d) 775 (er. ref.), that Art. 1177, R. S., 1925, did not have the effect to exempt the City of Munday, incorporated under the general laws, from giving an attachment bond, because that statute relates only to home-rule cities.

Leach v. Coleman et al (Civ. App.), 188 S. W. (2d) 220, 229 (er. ref., want merit), holds that the provisions of Arts. 1011 and 1146, Sec. 5, R. S., 1925, that cities and towns cannot impose a fine of more than $100.00 relates only to those incorporated under general or special law and do not deny the power to home-rule cities to fix fines of not more than $200.00 for violations of their ordinances.

In City of Sherman v. Municipal Gas Co., supra, we pointed out numerous statutes in which the legislature recognized the three classes of Texas cities and towns in making the enactment applicable to some one or more or all of them, as it deemed proper.

So we hold that Art. 1048, R. S., 1925, does not apply to the City of Taylor because it is a home-rule city and not a city "incorporated under the general laws."

■ But petitioners insist that Art. 1048 applies to the City of Taylor under the terms of Sec. 2, Art. II, of its charter, as follows: "All the powers conferred upon cities and towns by Title 22 of the Revised Statutes of 1911, except as may hereinafter be denied or limited, are hereby conferred upon the City of Taylor as fully and completely as if such powers were herein separately enumerated." At that time Art. 1048 was a part of Title 22 as Art. 945. The language quoted might have the effect claimed but for the phrase "except as may hereinafter be denied or limited," which is a clear expression of purpose to limit the general applicability of Title 22. And that Art. 1048 was not adopted or meant to be adopted is patent from the language of Sec. 5, Art. XII, of the charter, which is: "The Board of Commissioners shall create and appoint a Board of Equalization whose duties shall be to equalize the values of all property rendered for taxation in the City of Taylor; prescribe the *qualification* and *number* necessary to constitute said board." (Italics ours.) This language can reasonably be given no other effect

than to deny an intent to adopt Art. 1048, which explicitly prescribes the qualifications of board members and limits their number to three but says nothing about their compensation. A fundamental and universally accepted rule of construction is that a general provision must yield to a succeeding specific provision dealing with the same subject matter; and the rule particularly applies here, where the general provision expressly warns that its terms are to be "denied" and "limited" by subsequent specific provisions. See 50 Am. Jur., p. 244, Sec. 249.

In Beatty v. Panhandle Construction Co. (Civ. App.), 275 S. W., 716 (er. ref), cited by petitioners, the general statute involved had been adopted by ordinance of the city, and the charter subsequently adopted expressly provided that all existing ordinances should continue in force; so the court says, "Taking the express adoption of the paving statute along with the provisions of the city charter, there is nothing to force the conclusion that the provisions of this charter were intended to override the provisions of the general law." And we had the same situation in Huff et al v. City of Wichita Falls, 121 Texas, 281, 48 S. W. (2d) 580, also cited by petitioners, except that there the general statutes were adopted subsequent to the adoption of the home-rule charter. What distinguishes those cases from the case at bar is the fact that the City of Taylor did not adopt Art. 1048.

■ Petitioners insist, further, that Art. 1048 is applicable to home-rule cities because it is the duty of the legislature, under Art. VIII, Sec. 18, of the Constitution of Texas, to provide for the equalization of taxes by setting up boards for that purpose. In support they cite Board of Equalization v. McDonald, 133 Texas, 521, 129 S. W. (2d) 1135, which states that the last mentioned article of the Constitution, although apparently relating only to counties, applies also to cities and towns. Respondents contend that that statement is dictum and cite Scollard v. City of Dallas, 16 Texas Civ. App. 620, 42 S. W., 640 (er. ref.), holding that the article does not apply to cities and towns. Petitioners counter with the suggestion that the latter holding is dictum. Be that as it may, the article gives no direction as to how the duty shall be performed, therefore we think it was discharged when, pursuant to the adoption of the Home-rule Amendment, the legislature passed the Enabling Act, Ch. 13, Title 28, R. S., 1925, to insure to eligible cities the full power of self-government and specifically authorized them to provide for the levying of any general or special ad valorem tax not inconsistent with the Constitution. From that express power necessarily flowed

both the power and the duty to provide an agency to equalize taxes. So when the City of Taylor, as a delegate of legislative power, created its board of equalization the duty of the Legislature to provide for tax equalization within the city was as fully performed as if the Legislature itself had set up the board by direct statutory enactment.

It was the purpose of the Home-Rule Amendment, Art. XI, Sec. 5, and the enabling statutes, supra, to bestow upon accepting cities and towns of more than 5,000 population full power of self-government, that is, full authority to do anything the legislature could theretofore have authorized them to do. The result is that now it is necessary to look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers. Yellow Cab Transit Co. v. Tuck (Civ. App.), 115 S. W. (2d) 455 (er. ref.). In this connection, it is significant that Art. 1175, R. S., 1925, states that home-rule cities "shall have full power of local self-government, and among other powers that may be exercised by any such city the following are hereby enumerated for greater certainty," following which are 34 sections prescribing powers, one being the power to provide for the levying of any general or special ad valorem tax. Then comes Art. 1176, ibid., providing: "The enumeration of powers hereinabove shall never be construed to preclude, by implication or otherwise, any such city from exercising the powers incident to the enjoyment of local self-government, provided that such powers shall not be inhibited by the State Constitution."

Since there is nothing in the Enabling Act, supra, limiting the power of the City of Taylor, as a home-rule city, to prescribe the number of members to constitute its board of equalization, and since Art. 1048, supra, does not apply to such a city, neither the charter provision nor the ordinance passed thereunder offends against the direction of Art. XI, Sec. 5, of the Constitution, that they shall not be inconsistent with the general laws. Therefore, the City of Taylor, as a home-rule city, in the exercise of its full power of local self-government, was authorized to create a board of equalization of nine members. And it follows that the board in question was lawfully created and was a de jure board.

Both judgments below are affirmed.

Opinion delivered October 6, 1948.

Motion for rehearing overruled November 10, 1948.