

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

May 22, 2000

The Honorable Jeff Wentworth
Chair, Nominations Committee
Texas State Senate
P.O. Box 12068, 1E.9
Austin, Texas 78711-2068

Opinion No. JC-0225

Re: Whether a member of a city council may appoint himself to a city board under a particular ordinance (RQ-0152-JC)

Dear Senator Wentworth:

You ask whether the common-law doctrine of incompatibility bars the City Council of San Antonio from appointing a member of the city council to the Board of the Greater Kelly Development Authority, if the ordinance establishing the board provides that an elected official may serve on the board. San Antonio, a home-rule city, lacks authority to exempt the city council's appointments to the governing body of another political subdivision, such as the Greater Kelly Development Authority, from the common-law doctrine of incompatibility.

In 1995, the City of San Antonio created the Greater Kelly Development Corporation pursuant to the Development Corporation Act of 1979, TEX. REV. CIV. STAT. ANN. art. 5190.6 (Vernon 1987 & Supp. 2000), to manage the transition of Kelly Air Force Base from a governmental facility to private ownership. Brief from Honorable Frank J. Garza, City Attorney, City of San Antonio, Tex., to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (Jan.7, 2000) (on file with Opinion Committee) [hereinafter "Garza brief"]. The legislature subsequently adopted chapter 378 of the Local Government Code,[1] which validated defense base development corporations established to promote projects regarding a military base closure or realignment under the Defense Base Closure and Realignment Act of 1990 (10 U.S.C. § 2687) and authorized a municipality to establish a defense base development authority as a successor in interest to a defense base development corporation. Act of May 30, 1999, 76th Leg., R.S., ch. 1221, §§ 1-2, 1999 Tex. Gen. Laws 4250, 4250-53. An authority created by a city under chapter 378 is "a special district and political subdivision of this state, with a boundary coterminous with the base property" described in the resolution creating the authority. TEX. LOC. GOV'T CODE ANN. § 378.002(a) (Vernon Supp. 2000). Its purpose is to "accept title to or operate under a lease from the United

---

[1]Another law adopted by the Seventy-sixth Legislature was also codified as chapter 378 of the Local Government Code. *See* Act of May 17, 1999, 76th Leg., R.S., ch. 305, § 1, 1999 Tex. Gen. Laws 1209 (neighborhood empowerment zones). References to Local Government Code sections 378.001, 378.002 and 378.003 in this opinion are to provisions as added by Act of May 30, 1999, 76th Leg., R.S., ch. 1221, § 1, 1999 Tex. Gen. Laws 4250, 4251.

States or any other person all or a part of the base property and areas around the base property" and to "engage in the economic development" of that property. *Id.* § 378.003.

In November 1999, the city council adopted an ordinance pursuant to Local Government Code chapter 378 to dissolve the corporation and establish the Greater Kelly Development Authority (the "GKDA") as its successor in interest. Garza brief; *see* TEX. LOC. GOV'T CODE ANN. §§ 378.001, .002 (Vernon Supp. 2000). In the ordinance the city council also exercised its authority under section 378.007 of the Local Government Code to appoint an 11-member managing board for the GKDA, including among other appointees a member of the city council who had nominated himself for the board. Letter from Honorable Jeff Wentworth, to Honorable John Cornyn, Texas Attorney General (Nov. 24, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]; Garza brief, *supra*, at 1. Under section 378.007 of the Local Government Code, the governing body of the municipality that establishes the authority "shall appoint each board member to a term not exceeding two years." TEX. LOC. GOV'T CODE ANN. § 378.007(b) (Vernon Supp. 2000). Board members serve without compensation but may be reimbursed for expenses. *Id.* § 378.007(e). The ordinance creating the GKDA and appointing its board of directors included the following provision:

> The Board of Directors of the Greater Kelly Development Authority shall consist of eleven members, including business and community representatives in the area of Kelly Air Force Base. The mayor and each member of the City Council shall nominate one (1) member of the Board. *An individual who is otherwise eligible to serve on the Board is not ineligible because the individual is an elected official.* The Board of Directors shall have the powers, authority and duties provided under the Act.

San Antonio, Tex., Ordinance 90,826 (Nov. 4, 1999) (emphasis added).

You ask whether the common-law doctrine of incompatibility prevents the city council member from nominating himself to the board and being appointed to it by the city council when the ordinance establishing the board provides that an elected official may serve on the board. The city attorney reads the term "an elected official" as including members of the city council. Garza brief, *supra*, at 2. We will adopt his interpretation for purposes of this opinion.

The common-law doctrine of incompatibility bars one person from holding two offices if their duties conflict, *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), or an office and employment if the office has a supervisory role over the employment, Tex. Att'y Gen. LA-75-114. It also prevents an individual with appointing power from appointing himself to another office or position. *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Under the latter aspect of common-law rule of incompatibility, a city council could not appoint one of its members to another office. *See* Tex. Att'y Gen. Op. No. JM-1069 (1989) at 4; Tex. Att'y Gen. LO-94-020, at 1.

Because incompatibility is a common-law doctrine, it may be overcome by statute. *See Houston Pipe Line Co. v. Beasley*, 49 S.W.2d 950, 952 (Tex. Civ. App.–Galveston 1932, no writ) (legislature may alter or repeal rule of common law within constitutional bounds); Tex. Att'y Gen. LO's-96-064, at 2; 95-052 (1995), at 6. In addition, Attorney General Opinion JM-1087 determined that a home-rule city could exercise its legislative authority to except city officers from the common-law doctrine of incompatibility under limited circumstances. Tex. Att'y Gen. Op. No. JM-1087 (1989). A home-rule city derives its legislative authority directly from the Texas Constitution. TEX. CONST. art. XI, § 5; *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975); *Forwood v. City of Taylor*, 214 S.W.2d 282, 286 (Tex. 1948). It has full powers of self-government and authority to adopt charter provisions and ordinances not inconsistent with the constitution or general law, and it looks to legislation for limits on its power, rather than authorization. *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490 (Tex. 1993); *City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 18 (Tex. 1990); *Forwood*, 214 S.W.2d at 286; Tex. Att'y Gen. Op. Nos. JC-145 (1999) at 2; JC-142 (1999) at 4. The grant of powers to a home-rule city by the Local Government Code does not prevent, by implication or otherwise, the city from exercising the authority incident to local self-government. TEX. LOC. GOV'T CODE ANN. § 51.072 (Vernon 1999). Any ordinance or resolution adopted by a home-rule city must also be consistent with the city charter. *Lower Colorado River Auth.*, 523 S.W.2d at 643-44; Tex. Att'y Gen. Op. No. H-936 (1977) at 1.

At issue in Attorney General Opinion JM-1087 (1989) was a home-rule city charter provision that authorized the mayor to serve as city manager, a dual service ordinarily prohibited by the common-law doctrine of incompatibility. *See* Tex. Att'y Gen. LA-75-114 (positions of school district trustee and school teacher are incompatible because of trustees' supervisory role as to teachers). Attorney General Opinion JM-1087 found that no constitutional provision or general law limited the city's authority to adopt the charter provision in question. It determined that "a city charter provision which is not contrary to a <u>specific</u> state law, or which does not purport to act in a field which has been fully occupied by the legislature, is itself sufficient to overcome the common law." Tex. Att'y Gen. Op. No. JM-1087 (1989) at 2 (emphasis in original); *see also* Tex. Att'y Gen. Op. No. 94-020 (1994) at 5.

The two positions at issue in Attorney General Opinion JM-1087 were entirely within the structure of the city government and thus within the area of the home-rule city's legislative authority. The opinion stands for the proposition that, "with regard to two city offices, a home-rule municipality may overcome the common-law doctrine of incompatibility by means of a provision in its city charter." Tex. Att'y Gen. LO-94-020, at 5. A home-rule city charter provision "does not, however, overcome the common-law principle when one of the offices is a regional office." *Id.* Nor does it overcome the common-law doctrine of incompatibility where the home-rule city council appoints officers to another political subdivision, such as the GKDA. It is for the legislature to decide whether to exempt a city's appointment to the board of another governmental unit from the common-law doctrine of incompatibility. *See generally* Tex. Att'y Gen. Op. No. DM-428 (1996) (legislature is the appropriate body to determine whether holding of multiple municipal judgeships is "of benefit to the State" within article XIV, section 40 of the Texas Constitution). Accordingly,

the City of San Antonio lacks authority to adopt an ordinance authorizing the city council to appoint its members to the Board of the Greater Kelly Development Authority.

## S U M M A R Y

The common-law doctrine of incompatibility prevents an officer with appointing power from appointing himself to another office or position. While an ordinance of a home-rule city may exempt city offices from this rule, it may not exempt a city council appointment to the governing body of another political subdivision from the common-law doctrine of incompatibility. San Antonio, a home-rule city, lacks authority to adopt an ordinance providing that a member of the city council may be appointed by the city council to serve on the Board of the Greater Kelly Development Authority.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L Garrison
Assistant Attorney General - Opinion Committee