NO. 07-10-0432-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 15, 2011

_____

FIA CARD SERVICES, N.A. aka BANK OF AMERICA, APPELLANT

V.

FRANK FRAUSTO, JR., APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF RANDALL COUNTY;

NO. 7760-L1; HONORABLE JAMES ANDERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, FIA Card Services, N.A. aka BANK OF AMERICA (BOA), appeals from entry of summary judgment in favor of Appellee, Frank Frausto, Jr., in BOA's action seeking to collect delinquent credit card charges. In two issues, BOA asserts the trial court erred in (1) granting Frausto's no-evidence motion for summary judgment and (2) awarding summary judgment prior to ruling on Frausto's evidentiary objections. We affirm.

**Background**

In February 2010, BOA filed suit alleging Frausto owed it for delinquent cash advances and credit card charges. In May of that year, Frausto filed a motion for summary judgment asserting there was no evidence of an essential element of BOA's cause of action, on which BOA would have the burden of proof at trial, to-wit: that he, Frausto, signed a credit card agreement or otherwise authorized the charges on the credit card account.

In response, BOA filed an affidavit, with records attached, which was signed by an unnamed employee contending to be a custodian of the records which were attached to the affidavit.[1] The affiant recited that the records attached to the affidavit, such as the attached cardholder member agreement and the underlying data compilations pertaining to the credit card account, including the account's current balance, were made at or near the time of the act, event or condition recorded and were kept in the regular course of BOA's business by a representative with knowledge of the acts, events or conditions recorded. The affiant's statements were based on personal knowledge obtained during his employment with BOA and represented that BOA made advances to Frausto, either as cash or in payment for purchases, and Frausto accepted those advances pursuant to the terms of his cardholder agreement.

Attached to the affidavit was a BOA *Cardholder Agreement* and billing statements dating from January 2007 through December 2008, naming Frausto and addressed to him. According to the affiant, the agreement governed Frausto's credit

---

[1]The affiant's signature is illegible.

2

card account with BOA and, according to the terms of that agreement, became effective when Frausto used his account or failed to close his account within three days of receipt of the agreement. The statements showed a constant annual percentage rate of 15.99%, and account activity for purchases, payments, charges, and balance transfers. Based upon these statements, the affiant stated that the amount of Frausto's debt at the time of charge off was $33,888.97 exclusive of court costs.

On July 7, 2010, a summary judgment hearing was held. Before proceeding on the merits of Frausto's no-evidence motion for summary judgment, Frausto filed his *Objection To Plaintiff's Summary Judgment Evidence* asserting that BOA's affidavit (1) was untimely filed, (2) failed to identify the person signing the affidavit, (3) failed to establish the affiant's knowledge of the facts stated in the affidavit, (4) contained conclusory statements and stated the following legal conclusions, i.e., (5) Frausto and BOA entered into the agreement, (6) the "account's current balance," (7) BOA made cash advances to Frausto under the agreement, (8) by accepting the advances, Frausto became bound to pay back each advance under the agreement plus additional charges, and (9) the amount of Frausto's debt at the time of the charge off was $33,888.97. The trial court orally denied Frausto's first objection, but granted the remaining objections two through nine.[2] Resultantly, the trial court excluded BOA's affidavit, as well as the attachments appended thereto. The trial court then granted Frausto's no-evidence motion for summary judgment.[3] This appeal followed.

---

[2]Five days after the hearing, on July 12, 2010, the trial court signed an order entitled *Order On Defendant's Objection To Plaintiff's Summary Judgment Evidence,* memorializing this ruling.

[3]On July 7, 2010, the trial court signed an order entitled *Order Granting Defendant's Motion for No Evidence Summary Judgment.*

**Discussion**

In its first issue, BOA contends the trial court erred in sustaining Frausto's objections to BOA's affidavit/exhibits and granting Frausto's no-evidence motion for summary judgment. BOA asserts the affidavit and attached business records were admissible and, at the least, raised an issue of material fact regarding whether BOA and Frausto entered into a contract for a credit card account and whether Frausto is liable for delinquent advances and/or credit card charges. In its second issue, BOA asserts the trial court erred by granting Frausto's no-evidence motion for summary judgment prior to issuing its written order sustaining Frausto's evidentiary objections to BOA's affidavit/exhibits.

## I.     Issue One – Motion for Summary Judgment

## A.     Standard of Review

In its no-evidence motion for summary judgment, Frausto asserted there was no evidence to support an essential element of BOA's claim, to-wit: that a contract existed between BOA and Frausto. Specifically, he asserted there was no evidence that he signed a credit card agreement or otherwise authorized charges on the credit card account. *See* Tex. R. Civ. P. 166a(i). In reviewing a no-evidence summary judgment motion, we examine the record in the light most favorable to the nonmovant. *Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003). If the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. Tex. R. Civ. P. 166a(i); *Forbes Inc.,* 124 S.W.3d at 172 (citing *Wal-Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.

4

2002)).  "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)).  Thus, if BOA presented any evidence creating more than a surmise or suspicion that a contract existed between Frausto and BOA, or that he authorized charges to the credit card account that were delinquent, then the granting of summary judgment would have been improper.

## B.   Frausto's Evidentiary Objections

Because the trial court's ruling regarding the admissibility of BOA's affidavit/exhibits is pivotal to our determination, we will first address whether the trial court abused its discretion in excluding the contents of BOA's affidavit/exhibits. Because we find the trial court did not err in excluding BOA's only summary judgment evidence, i.e., the affidavit/exhibits, we find that BOA failed to create a genuine issue of material fact as to whether a contract existed or whether Frausto authorized the charges to the credit card account.

### 1.   Standard of Review

We apply an abuse of discretion standard in reviewing a trial court's ruling excluding evidence.  *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles.  *Samlowski, M.D. v. Wooten,* 332 S.W.3d 404, 410 (Tex. 2009).  Further, an appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling, and we

will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *Owens-Corning Fiberglas Corp.,* 972 S.W.2d at 43.

### 2.    Failure to Identity Affiant

During the summary judgment proceedings below, Frausto asserted that BOA's affidavit/exhibits were inadmissible because BOA's affidavit failed to identify the affiant and, as such, is not in substantial compliance with Rules 803 and Rule 902 of the Texas Rules of Evidence. *See* Tex. R. Evid. 803(6), 902(10).[4]

Evidence offered in support of or in opposition to a summary judgment motion must be in admissible form to constitute competent summary judgment evidence. *See* Tex. R. Civ. P. 166a(f). In addition, there is no difference between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997).

As a proponent of hearsay in the summary judgment proceedings below, BOA bore the burden of showing its affidavit/exhibits fit within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagon of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004) (citing *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 301 (Tex. 1962)). *See also* Tex. R. Evid. 802. Rule 803 provides the following hearsay exception for business records and, in pertinent part, states as follows:

---

[4]For convenience, provisions of the Texas Rules of Evidence shall be cited as "Rule ___" throughout the remainder of his opinion.

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, *or by affidavit that complies with Rule 902(10),* unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Tex. R. Evid. 803(6) (Emphasis added).

Rule 902(10) provides, in pertinent part, as follows:

Any record or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7), shall be admissible in evidence in any court in this state upon affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), that such records attached to such affidavit were if fact so kept as required by Rule 803(6) or (7), provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause . . . at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, *which such notice shall identify the name and employer, if any, of the person making the affidavit* and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying.

Tex. R. Evid. 902(10)(a) (Emphasis added).

The predicate for admission of business records may be established "by affidavit that complies with Rule 902(10)." Tex. R. Evid. 803(6). Rule 902(10)(a) provides that business records "shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the requisites of Rule 803(6) or (7)" and requires notice of affiant's name and employer. Rule 902(10)(a). Rule 902(10) further provides a form affidavit for compliance with the requirements of Rule 902(10)(a) and states that such affidavit "shall be sufficient if it follows this form though this form

7

shall not be exclusive, and an affidavit which substantially complies with the provisions of this rule shall suffice." Tex. R. Evid. 902(10)(b). The form affidavit expressly names the affiant in the prefatory statement by a Notary Public and in the first sentence of the body of the affidavit.[5] BOA's affidavit *wholly* fails to identify who is making the statements contained therein either by name or by title. Because BOA's affidavit neither names the affiant in the body of the affidavit or the jurat, and the affiant's signature is completely illegible, we find that BOA's affidavit does not substantially comply with Rule 902(10) and is insufficient to establish the business records exception to the hearsay rule under Rule 803(6).[6] Accordingly, we find the trial court did not abuse its discretion in sustaining Frausto's objection to the admission of BOA's summary judgment evidence.

Because BOA's only summary judgment evidence is inadmissible, we also find that BOA failed to present any evidence to establish a genuine issue of material fact as to whether BOA and Frausto entered into a credit card contract or defaulted on any credit card debt. *See Fort Brown Villas III Condominium Assoc., Inc. v. Gillenwater,* 285 S.W.3d 879, 883-84 (Tex. 2009) (Supreme Court held that, where plaintiff's expert

---

[5]The form affidavit contains, in pertinent part, the following language:

> Before me, the undersigned authority, personally appeared _____, who, being by me duly sworn, deposed as follows:
>        My name is _____, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

Tex. R. Evid. 902(10)(b).

[6]That BOA's affidavit may meet the general requirements for affidavits under section 312.011(1) of the Texas Government Code as suggested by BOA does not qualify the affidavit under the specific provisions of the business records exception to the hearsay rule under the Texas Rules of Evidence. *See Springer v. Johnson*, 280 S.W.3d 322, 329 (Tex.App.—Amarillo 2008, no pet.) (it is a "fundamental and universally accepted rule of construction . . . that a general provision must yield to a succeeding specific provision dealing with the same subject matter." *Forwood v. City of Taylor*, 147 Tex. 161, 214 S.W.2d 282, 285-86 (1948)).

affidavit was properly excluded by the trial court from consideration as summary judgment evidence, trial court properly granted summary judgment because there was no evidence of an element of plaintiff's claim).  BOA's first issue is overruled.

## II.      Issue Two – Timing of the Trial Court's Evidentiary Ruling

BOA next asserts that, "[b]ecause at the time summary judgment was rendered Frausto had not secured a ruling on his objections, it was improper for the court to grant Frausto's no-evidence motion for summary judgment."  This premise is simply wrong. The trial court did rule on Frausto's objections prior to considering the no-evidence motion for summary judgment,[7] it merely failed to sign a written order to that effect until after summary judgment had been granted.[8]  Because BOA's premise is wrong, its conclusion is equally flawed.  Accordingly, BOA's second issue is overruled.

---

[7]At the hearing held July 7, 2010, prior to proceeding on the merits of the no-evidence motion for summary judgment, the trial court addressed Frausto's evidentiary objections saying,

COURT:        Right.  Okay.  As for the other objections in the Defendant's objection to Plaintiff's summary judgment evidence, that has been filed today and the Court will grant those other eight points.  So that would be points 2 through 9, and I will therefore strike [BOA's affidavit/exhibits].

COUNSEL:     I believe that's it with relation to the preliminary matters, Your Honor.

COURT:        All right.  Then let's proceed with the hearing on the [summary judgment] motion.

[8]"[A] trial court may reduce its rulings on summary judgment evidence to writing as long as it retains plenary jurisdiction." *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). *See Crocker v. Paulyne's Nursing Home*, 95 S.W.3d 416, 420-21 (Tex.App.—Dallas 2002, no pet.) (summary judgment order issued eighty-nine days prior to written evidentiary ruling on summary judgment evidence held effective); *Hill v. Crowson*, No. 10-09-00006-CV, 2009 Tex. App. LEXIS 8924, at *3-5 (Tex.App.—Waco 2009, no pet.) (summary judgment order issued one month prior to written evidentiary ruling on summary judgment evidence held effective).  Here, the trial court still had plenary jurisdiction to sign its evidentiary order on July 12, 2010, five days after its summary judgment ruling.

9

**CONCLUSION**

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice