ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 31, 2012

Mr. Jody Anderson, President
Angelina & Neches River Authority
Post Office Box 387
Lufkin, Texas 75902

Opinion No. GA-0959

Re: Whether a local election under section 1502.055, Government Code, is required before a municipality may sell its sewage collection system and treatment plant to a river authority: Possible conflict with chapter 30, Water Code (RQ-1041-GA)

Dear Mr. Anderson:

You ask about the application of chapter 30 of the Water Code and its relationship to section 1502.055 of the Government Code.[1] As background, you tell us that the City of Huntington ("City") and the Angelina & Neches River Authority ("ANRA") are in negotiations regarding the sale of the City's sewage collection system and treatment plant. *See* Request Letter at 1. You state that the City "wishes to sell these assets to ANRA and have ANRA operate and maintain the sewage treatment and collection system." *Id.* You indicate that the "City has expressed concerns that [section] 1502.055 requires that [a] local election be held whereby the sale of the treatment plant and the collection system is approved, or rejected, by the voters." *Id.* You argue, however, that chapter 30 of the Water Code permits the sale without an election. *See id.* at 1, 3. You thus seek our opinion on whether, in light of section 30.035 of the Water Code, an election is necessary for a municipality to sell its sewage collection system and treatment plant. *See id.* at 3.

Subsection 1502.055(a) of the Government Code provides that "[u]nless authorized by a majority vote of the qualified voters of the municipality, a municipality may not sell a utility system,[2] park, or pool." TEX. GOV'T CODE ANN. § 1502.055(a) (West Supp. 2011) (footnote added). Subsection 1502.055(a) thus makes a municipality's authority to sell its utility system contingent upon a successful election. *See Radford v. City of Cross Plains*, 86 S.W.2d 204, 205 (Tex. 1935) (recognizing that an action taken under the purview of subsection 1502.055(a)'s predecessor without an election is void).

---

[1]*See* Letter from Mr. Jody Anderson, President, Angelina & Neches River Auth., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 8, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]A "utility system" is "an electric, water, sewer, solid waste disposal, drainage utility, or natural gas system." TEX. GOV'T CODE ANN. § 1502.001(3) (West 2000). We assume for purposes of this opinion that the City's sewage collection system and treatment plant is a utility system.

Chapter 30 of the Water Code is the Regional Waste Disposal Act, and its stated purpose is "to authorize public agencies to cooperate for the safe and economical collection, transportation, treatment, and disposal of waste in order to prevent and control pollution of water in the state." TEX. WATER CODE ANN. §§ 30.001 (West 2008) (providing short name), .002 (stating purpose). Section 30.035 provides that "[n]o election is required for the exercise of any power under this chapter except for" a provision unrelated to your question. *Id.* § 30.035. Thus, by its terms, section 30.035 of the Water Code eliminates the need for an election in connection with the exercise of any power granted in chapter 30. *See id.*; *see also id.* § 30.004(b) (providing that "[n]o other law or charter provision which limits, restricts, or imposes additional requirements on matters authorized by this chapter shall apply to any action or proceeding under this chapter unless expressly provided to the contrary in this chapter"), *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("We ordinarily construe a statute so as to give effect to the Legislature's intent as expressed in its plain language."). The powers enumerated in chapter 30 are granted primarily to districts.[3] For example, chapter 30 authorizes a district to "acquire, . . . operate, and maintain one or more disposal systems." TEX. WATER CODE ANN. § 30.021 (West 2008). And a district "may contract . . . to purchase or sell . . . any waste collection, transportation, treatment, or disposal facilities or systems." *Id.* § 30.022.

However, some authority in chapter 30 is granted to a public agency, which includes a municipality. *See id.* § 30.003(3) (defining "public agency" to include "any district, city,[4] or other political subdivision or agency of the state which has the power to own and operate waste collection, transportation, treatment, or disposal facilities or systems ") (footnote added). "A public agency may make contracts with a district under which the district will make a disposal system[5] available to the public agency and will furnish waste collection, transportation, treatment, and disposal systems to the public agency . . . ." *Id.* § 30.027 (footnote added). In addition, the contract under section 30.027 may provide for the "sale or lease to or use by a district of all or part of a disposal system owned or to be acquired by the public agency." *Id.* § 30.028(a)(4). Reading these provisions together, we believe chapter 30 grants a municipality the specific authority to sell its disposal system to a district. And pursuant to section 30.035, it may do so without an election. *See id.* § 30.035. Yet an election prior to any sale of a municipality's utility system is exactly what is required under section 1502.055 of the Government Code. Thus, the two provisions appear to conflict.

---

[3]A "district" for purposes of chapter 30 is "any district or authority created and existing under Article XVI, Section 59 or Article III, Section 52 of the Texas Constitution, including any river authority." TEX. WATER CODE ANN. § 30.003(2) (West 2008); *see also* TEX. SPEC. DIST. CODE ANN. §§ 8501.051 (West 2011) (creating ANRA as a conservation and reclamation district), 8501.151(1) (granting ANRA powers of a conservation and reclamation district, including powers expressly authorized in Section 59, Article XVI, Texas Constitution).

[4]A "'city' means any incorporated city or town, whether operating under general law or under its home-rule charter." TEX. WATER CODE ANN. § 30.003(1) (West 2008).

[5]A "disposal system" is "any system for disposing of waste, including sewer systems and treatment facilities." *Id.* § 30.003(10). Again, for purposes of this opinion, we assume the City's sewage collection system and treatment plant is a disposal system under chapter 30.

When two statutes appear to conflict, courts seek to harmonize them so that all provisions are fully effective. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) ("Generally, courts are to construe statutes so as to harmonize with other relevant laws, if possible."). Conflicting statutes can often be reconciled by reading the more specific statute as an exception to the more general one. *See City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. 2008). "In such circumstances, the special provision or statute is regarded as though it were an exception, removing something from the operation of general law." *Brazoria Cnty. v. Tex. Comm'n on Envtl. Quality*, 128 S.W.3d 728, 738 (Tex. App.—Austin 2004, no pet.) (citing *Forwood v. City of Taylor*, 214 S.W.2d 282, 286 (Tex. 1948)). These two provisions can be harmonized if section 30.035, as it pertains to a municipality's disposal system, is treated as a specific exception to the general rule in subsection 1502.055(a). In other words, a municipality must generally conduct an election prior to selling a utility system, unless the municipality is selling a disposal system to a district as provided by sections 30.027 and 30.028(a)(4) of the Water Code, in which case an election is not required. Moreover, such a harmonized construction of the two provisions comports with the purpose of chapter 30 of the Water Code, which is to promote cooperation among public agencies for the efficient treatment and disposal of waste in the state. *See* TEX. WATER CODE ANN. § 30.002 (West 2008) (stating purpose of the Regional Waste Disposal Act); *see also id.* § 30.004(b) (providing that "[n]o other law or charter provision which limits, restricts, or imposes additional requirements on matters authorized by this chapter shall apply to any action or proceeding under this chapter unless expressly provided to the contrary in this chapter").

Thus, we conclude that a municipality must generally hold an election pursuant to subsection 1502.055(a) of the Government Code before selling a utility system. However, by virtue of section 30.035 of the Water Code, no such election is required when a municipality sells a disposal system to a river authority under chapter 30 of the Water Code.

## S U M M A R Y

Generally, a municipality must hold an election pursuant to subsection 1502.055(a) of the Government Code before selling a utility system. However, by virtue of section 30.035 of the Water Code, no such election is required when a municipality sells a disposal system to a river authority under chapter 30 of the Water Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee